Dear Chief Love and Mayor Jordan:
This office is in receipt of your requests for an opinion of the Attorney General in regard to the Chief of Police holding full-time employment while serving as Chief of Police. It is recognized that the position of police chief is a full-time job, but it is contended by the Chief that this does not mean he cannot also maintain other full-time employment, and states "there is no state law, which requires that all municipal police chiefs avoid outside employment". The Mayor sought to require the Chief to quit his job, or resign as police chief, and provided the Chief with the town ordinance which sets forth in part that the Chief of Police "shall not hold any other full time employment, nor shall he maintain any employment that will render him unable to fulfill his duties and remain on 24 hour call."
The question presented is whether a Lawrason Act community has the authority to add this restriction of the ordinance in question to the position of Chief of Police.
Without quoting the provisions of Ordinance No. 115, adopted July 1, 1996, we note that in addition to prohibiting any other full time employment by the Chief of Police, it provides in part that he spend a minimum of 40 hours per work on duty in uniform, that he be on call on a 24 hour basis, that he submit to proper agencies all police department paperwork in a timely manner, and that he notify the magistrate of court of significant infractions of law within the department, that he see that no police department vehicle is operated for personal use, and that he a make a report available to the Major and Board of Aldermen whenever a city vehicle is taken out of city for any reason by anyone other than the Chief.
This office has recognized that a Chief of Police is an elected official who serves on a full time basis, and accordingly has concluded he cannot be paid overtime. However, it has found that an elected chief of police may have private employment simultaneously in a full-time position provided the hours served in each position do not overlap or otherwise conflict with each other. Atty. Gen. Op. 98-70. This office stated it found no statute that prohibits the Chief from engaging in private employment during hours customarily considered off-duty, although it was conceivable that an ordinance establishing specific duties and responsibilities could possibly conflict with the hours devoted to other employment.
Moreover, this office has determined that as an elected official the Chief of Police cannot be relegated to an inferior position of an employee, and has concluded that as an elected official and not an employee, the chief of police is not required to establish or set specific working hours for himself. Atty. Gen. Ops., 98-469, 95-13, 87-696. This office has observed that the chief of police, as an elected official of the municipality, is not subject to disciplinary actions of the Mayor and Board of Aldermen. If there is lack of performance of his duties as Chief of Police because of his employment, he can only be compelled to perform his duties by a mandamus, or be subject to malfeasance. Atty. Gen. Op. 00-51.
In City of Crowley Firemen v. City of Crowley, 289 So.2d 897 (La. 1973) an ordinance provided, "No member of the Police and Fire Departments of said city shall engage in any outside employment, commonly known as `moon lighting' * * *." The court declared the ordinance invalid, finding curtailing the freedom to pursue outside employment is an arbitrary exercise of authority by the municipality. The court stated as follows:
 We find it particularly crucial in this case that the ordinance in question operates as a direct infringement upon one of the basic individual freedoms, the right to work, and although this Court is reluctant to interfere with legislative powers granted to municipal authorities, where these powers are exercised in such a manner as to prohibit in absolute terms the right of individuals to pursue employment, absent a reasonable need dictated by an interest in the health and safety of the public, we must declare that the exercise of authority in invalid and contrary to due process provisions of the Louisiana and United States Constitution.
This office has repeatedly observed that the Chief of Police, as chief law enforcement officer, has the inherent power and authority to supervise and direct the administration and day to day operation of the police department, and the governing authority cannot infringe upon this inherent power. While this office has noted that R.S. 33:423 provides that the Chief of Police is responsible for law enforcement of all state laws and ordinances within the municipality, and "to perform all other duties required of him by ordinance", we do not find that this empowers the municipality to prohibit an elected Chief of Police from other employment. The directive that he cannot hold private full-time employment is not a duty required by ordinance, but a prohibition that attempts to control the Chief's off-time actions which goes beyond the authority of the governing authority.
As noted above if there is a lack of performance of the duties by the Chief of Police, a mandamus can be sought or a showing made of malfeasance.
We hope this sufficiently responds to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr